UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PRINCETON HUMMINGWAY, et al.,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 06-1111 (RMC) |
| **GEORGE W. BUSH, et al.,** | ) | |
| **Defendants.** | ) | |

### ORDER

On June 15, 2006, Plaintiffs Princeton Hummingway and "Citizens of World Nations," proceeding *pro se*, filed a complaint against a multitude of defendants, including George W. Bush, Tony Blair, Ariel Sharon, Kofi Annan, and numerous other world leaders together with the United States, Iran, Pakistan, Nigeria, Turkey, Egypt, and numerous other countries. The Complaint charges "Crimes Against Humanity, Crimes Against Peace, War Crimes, and Other Criminal Acts and High Crimes in Violation of Islamic Law [i.e., Shari'ah (sacred law)], the Charter of the United Nations, The Principles of the Nuremberg Tribunal (Nuremberg), the Hague Regulations (Hague) and Geneva Conventions (Geneva) and Other International and National Laws." Complaint at 1. It further states that "this Complaint is presented to end the scourge of war, prevent future violations of fundamental human rights, and hold those responsible of [sic] the crimes alleged accountable for their acts." *Id*. at 476. The Complaint is 491 pages of confused, incomprehensible, and vague material.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiffs' Complaint utterly fails to set forth a short and plain statement of the claims. The Complaint is hundreds of pages long and largely incomprehensible. The Complaint is insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished). For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the

Complaint is *sua sponte* **DISMISSED** without prejudice;[1] and it is

**FURTHER ORDERED** that Plaintiff shall have until **July 24, 2006**, to file an amended complaint that corrects the deficiencies addressed in this Order.  If Plaintiffs fail to file an amended complaint by that deadline, this action will be dismissed with prejudice and the case will be closed.

**SO ORDERED**.

Date: June 23, 2006                                   /s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] Similar complaints filed by Mr. Hummingway have been dismissed under Rule 8 by other courts in this District.  *Hummingway v. United States*, No. 05-1633, [Dkt. #4] Order (D.D.C. Aug. 12, 2005), *aff'd*, No. 05-5351 (D.C. Cir. May 18, 2005); *Hummingway v. United States*, No. 05-1019, [Dkt. #3] Memorandum Opinion (D.D.C. May 19, 2005).