UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PRINCETON HUMMINGWAY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1111 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

On June 15, 2006, Plaintiffs Princeton Hummingway and "Citizens of World Nations," proceeding *pro se*, filed a complaint against a multitude of defendants, including George W. Bush, Tony Blair, Ariel Sharon, Kofi Annan, and numerous other world leaders together with the United States, Iran, Pakistan, Nigeria, Turkey, Egypt, and numerous other countries. The Complaint charged "Crimes Against Humanity, Crimes Against Peace, War Crimes, and Other Criminal Acts and High Crimes in Violation of Islamic Law [i.e., Shari'ah (sacred law)], the Charter of the United Nations, The Principles of the Nuremberg Tribunal (Nuremberg), the Hague Regulations (Hague) and Geneva Conventions (Geneva) and Other International and National Laws." Compl. at 1 (brackets and parentheses in original). It further stated, "this Complaint is presented to end the scourge of war, prevent future violations of fundamental human rights, and hold those responsible of [sic] the crimes alleged accountable for their acts." *Id*. at 476.

Because the Complaint was 491 pages of confused, incomprehensible, and vague

material, the Court found that it was insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules as relaxed for *pro se* litigants. Order filed June 23, 2006 [Dkt. #2] (citing Fed. R. Civ. P. 8(a), (e)(1) and *Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished)). The Court dismissed the Complaint without prejudice, allowing Plaintiffs to file an amended complaint that would correct the deficiencies pointed out by the Court. *Id*. Plaintiffs twice sought, and twice were granted, additional time to file their amended complaint. Minute Entry Order dated July 21, 2006, and Minute Entry Order dated September 5, 2006. On November 3, 2006, Plaintiffs filed an Amended Complaint.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ciralsky*, 355 F.3d at 670 n.9 (quotations omitted). *Pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Much like the original Complaint, the Amended Complaint is vague, confused, and garbled. The Amended Complaint is asserted on behalf of "all concerned Citizens of the world who

seek justice and the truth as to the alleged charges." Am. Compl. at 4. It asserts that the Defendants' actions violated "numerous fundamental human rights laws and the international treaties prohibiting crimes against humanity, genocide war crimes, and crimes against peace . . . U.S. Laws and customary international law, . . . treaties, court decisions, and the United Nations Resolutions." *Id*. at 5. The Amended Complaint alleges:

> This is an action to recover Damages for Crimes Against Humanities . . . World Crimes, and other Criminal Acts and High Crimes, e.g., [Death threats, Torture, Blackmailing, Assassinations, summary execution and kidnaping of political prisoners, suppression and killing of ethnic and religious minorities; cruelty and other corporal punishments, including: arbitrary arrest of both citizens and foreigners, prolonged incommunicado detention without notification of their arrest or trial, flogging, beating and deprivation of sleep during months, and amputations of the hands and limbs, which are systematically imposed by the Oppressive Regimes; Secret military tribunals and summary execution of both citizens and foreigners . . . Crimes against Peace, War Crimes, and other Criminal Acts and High Crimes.]

*Id*. at 6-7 (brackets in original). The Amended Complaint rambles on to describe the stoning of a woman, *id*. at 10-11 & 45-46, a partial transcript of an "interview with Mohammed Al Khilewi, Saudi Ambassador to the United Nations," *id*. at 38-44, and a listing of Mr. Hummingway's family members and the alleged causes of their deaths. *Id*. at 65-66. The Amended Complaint utterly fails to set forth a short and plain statement of any claim showing that Plaintiffs are entitled to relief. It is insufficiently clear to put the Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi*, 105 Fed. Appx. at 274.

As explained above, pursuant to Federal Rules of Civil Procedure 8 and 41, the

Amended Complaint will be dismissed[1], and this case will be closed.


Date: November 14, 2006                                       /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge

---

[1] Similar complaints filed by Mr. Hummingway have been dismissed under Rule 8 by other courts in this District. *Hummingway v. United States*, No. 05-1633, Order [Dkt. #4] (D.D.C. Aug. 12, 2005), *aff'd*, No. 05-5351 (D.C. Cir. May 18, 2005); *Hummingway v. United States*, No. 05-1019, Memorandum Opinion [Dkt. #3] (D.D.C. May 19, 2005).